15-1341
*Cullin v. Silverman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand sixteen.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

KENNETH P. SILVERMAN, Chapter 7
Trustee of Agape World, Inc.,

> *Plaintiff-Appellee*,

v.                                               No. 15-1341

KAREN CULLIN,

> *Defendant-Appellant.*

_____

**FOR PLAINTIFF-APPELLEE:**          David J. Mahoney, Silverman
                                     Acampora LLP, Jericho, NY.

**FOR DEFENDANT-APPELLANT:**         Karen Cullin, pro se, Medford,
                                     NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joan M. Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Karen Cullin, proceeding pro se, appeals the district court's judgment affirming the bankruptcy court's order awarding $11,744.76 to bankruptcy Trustee Kenneth P. Silverman on a fraudulent conveyance claim against Cullin which sought return of interest payments made to Cullin as part of a Ponzi scheme. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review an appeal from a district court's affirmance of a bankruptcy court decision independently, accepting the bankruptcy court's factual findings unless clearly erroneous, and reviewing the bankruptcy court's legal conclusions de novo." In re Fairfield Sentry Ltd., 714 F.3d 127, 132 (2d Cir. 2013) (internal quotation marks omitted). Under the clear error standard, we "will reverse the bankruptcy court only if we are 'left with the definite and firm conviction that a mistake has been committed.'" In re Manville Forest Products Corp., 896 F.2d 1384, 1388 (2d Cir. 1990), quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

Under Section 544(b)(1) of the Bankruptcy Code, the trustee of an estate in bankruptcy "may avoid any transfer of an interest of the debtor in property or any

obligation incurred by the debtor that is voidable under applicable law." 11 U.S.C. § 544(b)(1). "Applicable law" often means state law. See In re Palermo, 739 F.3d 99, 101-02 (2d Cir. 2014). Under New York law, "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." N.Y. Debt. & Cred Law § 273. "Fair consideration is given for property, or obligation, . . . [w]hen in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied . . . ." Id. § 272.

The district court properly affirmed the bankruptcy court's order awarding $11,744.76 to Silverman. Other courts of appeals have held that payments of "interest" to Ponzi scheme investors should be treated as fraudulent transfers, because "fair consideration" is not present in the context of such schemes. See Janvey v. Brown, 767 F.3d 430 (5th Cir. 2014); Donell v. Kowell, 533 F.3d 762 (9th Cir. 2008); In re Hedged-Invs. Assocs., Inc., 84 F.3d 1286 (10th Cir. 1996); Scholes v. Lehmann, 56 F.3d 750 (7th Cir. 1995). While we have not addressed this issue, the prevailing view in the district and bankruptcy courts in this Circuit has agreed with this consensus. See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 531 B.R. 439, 462-64 (Bankr. S.D.N.Y. 2015) (collecting cases).

Cullin relies on two outlier cases where guaranteed interest payments at a commercially reasonable rate made in satisfaction of an antecedent debt were found to constitute fair consideration. See In re Carrozzella & Richardson, 286 B.R. 480, 487-90 (D. Conn. 2002); In re Unified Commercial Capital, No. 01-MBK-6004L, 2002 WL 32500567 at *8 (W.D.N.Y. June 21, 2002). We need not decide whether those cases were correctly decided. Even if they were, Cullin cannot benefit from their holdings because the interest on her investment was not guaranteed and was in excess of commercially reasonable rates.[1]

We affirm for substantially the reasons stated by the district court in its thorough March 31, 2015 memorandum and order. We have considered all of Cullin's remaining arguments and find them to be without merit.

The judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] As the district court noted, Cullin failed to establish that the interest payments made to her came within the rule adopted in these cases for the more technical reason that she did not make the relevant contracts part of the record on appeal. See Fed. R. Bankr. P. 8009; Keepers, Inc. v. City of Milford, 807 F.3d 24, 29 n.14 (2d Cir. 2015). Since Cullin did submit the contracts to the district court as attachments to her reply brief, and since there appears to be no dispute as to their contents, we prefer to address her argument on the merits.